IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

TODD JOHNATHAN WHITEHEAD,      )
AIS #287908,                   )
                               )
        Plaintiff,             )
                               )
v.                             )        CASE NO. 1:14-CV-39-WHA
                               )               [WO]
                               )
DOUGLAS ALBERT VALESKA, et al.,)
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Todd

Johnathan Whitehead ["Whitehead"], a state inmate, on January 9, 2014.[1]  In this complaint,

Whitehead names Douglas Albert Valeska, the District Attorney for Houston County, Alabama,

Kristen M. Shields, an assistant district attorney, and Investigator Rafferty, an officer with the

Houston County Sheriff's Department, as defendants.  Whitehead attacks the validity of his

arrest on August 16, 2010 for various sexual offenses committed against his sixteen-year-old

stepdaughter.  *Doc. No. 1* at 5.  Whitehead also challenges the constitutionality of a conviction

imposed against him by the Circuit Court of Houston County, Alabama for one of these offenses.

---

[1] Although the Clerk stamped the complaint "received" on January 17, 2014, Whitehead indicates that he presented the complaint to prison officials for mailing on January 9, 2014.  *Complaint - Doc. No. 1* at 8.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Whitehead] signed it...." *Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, the court considers January 9, 2014 as the date of filing.

*Id*. Whitehead seeks his immediate release from incarceration and monetary damages. *Id*. at 7.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II. DISCUSSION

### A. The Improper Arrest Claim

Whitehead complains that on August 16, 2010 he "was arrested by the Houston County Sheriff Department on a bare bone affidavit and without probable cause.... The record is silent of any kind of affidavit by the alleged victim or [her] mother to support [the] arrest...." *Doc. No. 1* at 5. It is clear from the complaint that Whitehead's challenge to the constitutionality of his August 16, 2010 arrest is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> ***All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.*** *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The arrest about which Whitehead complains occurred on August 16, 2010. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to

---

[2] Except for requiring payment of an initial partial filing fee as directed by 28 U.S.C. § 1915(b)(1)(A), the court granted Whitehead leave to proceed *in forma pauperis* in this cause of action. *Order of January 23, 2014 - Doc. No. 3* at 3. The complaint is therefore subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that despite payment of any portion of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Whitehead from application of the time bar.[3]  Thus, the statute of limitations began to run on the claims related to the challenged arrest on August 17, 2010.[4]  The limitation period ran uninterrupted until it expired on August 17, 2012.  As previously noted, Whitehead filed the instant complaint on January 9, 2014.  This filing therefore occurred over a year and four months **after** expiration of the period of limitation.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense.  The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.  "It necessarily follows that in the absence of ... defendants  the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

---

[3] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a).  The complaint demonstrates that Whitehead was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[4] In computing the period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Whitehead has no legal basis on which to proceed regarding the validity of his arrest on August 16, 2010 as he filed this cause of action more than three years after this arrest occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired on August 17, 2012, over a year prior to Whitehead filing the instant complaint. In light of the foregoing, the court concludes that Whitehead's claims arising from a purported unconstitutional arrest on August 16, 2010 are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

### B. Defendants Valeska and Shields

Whitehead names District Attorney Douglas Valeska and Assistant District Attorney Kristen M. Shields as defendants. He challenges the conduct of these defendants in initiating and prosecuting criminal charges against him alleging they "trumped up" lies against him because he opposed the relationship between his sixteen- year-old stepdaughter and a twenty-

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

five-year-old man from an "upstanding family in the community" and wanted this man "lock[ed] up for statutory rape." *Doc. No. 1* at 5, 7.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

The conduct of defendants Valeska and Shields with respect to their roles as "'advocate[s]' for the state" is "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676 (citations omitted). They are "entitled to absolute immunity for that conduct." *Id*. Whitehead's claims against defendants Valeska and Shields are, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## C.  Malicious Prosecution

Whitehead asserts that he was subjected to malicious prosecution. He bases this claim on the speculative allegation that the criminal proceedings arose from a personal vendetta of defendant Rafferty and the desire of the defendants, via the the "good ol' boy" network, to

silence him in his attempt to have his stepdaughter's older boyfriend prosecuted for statutory

rape. *Doc. No. 1* at 7.

> Th[e] [Elventh] Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under §1983." *Wood [v. Kesler],* 323 F.3d [872, 881 (11th Cir. 2003)]; *accord Kjellsen v. Mills,* 517 F.3d 1232, 1237 (11th Cir.2008). "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood,* 323 F.3d at 882.
>
> To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; ***and*** (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami,* 382 F.3d 1220, 1234 (11th Cir.2004); *Wood,* 323 F.3d 872, 881 (11th Cir. 2003). As to the first prong, the constituent elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood,* 323 F.3d at 882. The elements under Alabama law for the common-law tort of malicious prosecution are the same, except that they require only a "judicial proceeding" not a "criminal prosecution." *Delchamps, Inc. v. Bryant,* 738 So.2d 824, 831-32 (Ala.1999).

*Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256-1257 (11th Cir. 2010) (emphasis in original).

Whitehead has not alleged the conviction under which he is incarcerated has been invalidated. Therefore, his claim for malicious prosecution fails to state a claim upon which relief can be granted. *See Heck v. Humphrey,* 512 U.S. 477 (1994) (like a common-law claim for malicious prosecution that requires the accused prove the termination of criminal proceedings in his favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in his favor or a § 1983 cause of action does not exist).

### D.  The Challenge to Plaintiff's Conviction and Imprisonment

Whitehead argues that a conviction imposed upon him by the Circuit Court of Houston County, Alabama for a sexual offense committed against his stepdaughter is unconstitutional as the evidence presented at his trial did not support the conviction.  *Doc. No. 1* at 5 (The grand jury issued the indictment "by the use of false information and by fraud which was done in bad faith, ... subject[ing] [the plaintiff] to cruel and unusual punishment and malicious prosecution" because there was no "sworn affidavit by the alleged victim or her mother, [and]  no rape kit presented during my trial and ... the evidence do[es] not support my conviction.").  To the extent Whitehead attacks the constitutionality of his conviction and resulting incarceration, this collateral attack is not cognizable in the instant cause of action.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489.  The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487; *Balisok*, 520 U.S. at 646-648.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003),

citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on his conviction ... may not do that in a civil suit, other than a suit under the habeas corpus statute...."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

It is clear that Whitehead's conviction which forms the basis for his present incarceration has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Whitehead's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction. 512 U.S. at 489 ("Even a prisoner who has fully exhausted [all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or

impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, those claims seeking relief from the conviction and sentence imposed by the Circuit Court of Houston County, Alabama are prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the constitutionality of his arrest on August 16, 2010 be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

2. The plaintiff's claims against defendants Valeska and Shields be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The plaintiff's malicious prosecution claim be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as at this time it fails to state a claim on which relief can be granted.

4. To the extent the plaintiff presents claims challenging the constitutionality of his conviction by the Circuit Court of Houston County, Alabama and the incarceration resulting from this conviction, these claims be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not cognizable in the instant civil action.

5. This case be dismissed prior to service of process in accordance with the directives

of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before May 14, 2014 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of April, 2014.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE